BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $14,900.00 IN U.S. CURRENCY,<br><br>  Defendant. | CASE NO. 1:14-CV-00725-LJO<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about December 11, 2013, agents with the Drug Enforcement Administration seized the defendant approximate $14,900.00 in U.S. currency (hereafter "Defendant Currency").

2. The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about February 12, 2014, the DEA received a claim from Huy Thanh Nguyen asserting an ownership interest in the Defendant Currency.

3. The United States represents it could show at trial that:

   a. On December 11, 2013, members of the DEA received information regarding an individual traveling from Memphis, Tennessee, to Dallas, Texas, to arrive in Fresno, California on American flight number 1627 that same day.

CONSENT JUDGMENT OF FORFEITURE                 1

1        b.      After the arrival of flight 1627, DEA agents and task force officers located Huy Thanh Nguyen exiting the plane.  An agent and a task force officer made consensual contact with Huy Thanh Nguyen.  The agent and task force officer identified themselves as law enforcement and requested to speak with him.  Nguyen agreed to speak with the agent.  The agent advised Nguyen that he was not under arrest and free to leave at any time.  Nguyen agreed to speak with the agent and the task force officer.

       c.      When asked if he had anything illegal or any drugs in his carry on bag, Nguyen stated that he did not.  When asked if he was carrying any currency on his person or in his carry on, Nguyen paused, looked at his carry on bag and answered, "Yes."  Nugyen then appeared to be nervous and had difficulty speaking.  The agent asked Nguyen how much currency he had in his carry on bag and he stated approximately "eight something."

       d.      Nguyen gave consent for the agent to search his bag.  Nguyen followed the agent to an interview room within the airport.  Nguyen was again informed that he was not under arrest and that he was free to leave.  Nguyen stated to agents that he was coming to Fresno to purchase a Nissan Maxima, but, when asked, did not know how much the Nissan Maxima would cost.  Nguyen stated that he learned about the vehicle on Craigslist.com.  Nguyen did not have the Craigslist.com ad, any pictures, any identifying information or contact information for the vehicle.  When asked how Nguyen intended to purchase the vehicle if he did not have any contact information for the seller, Nguyen answered that "Larry Duncan" had the information regarding the vehicle.

       e.      The agent asked Nguyen if he had "Larry's" phone number and he said he did.  The agent asked Nguyen to contact "Larry".  Nguyen made a telephone call in the presence of the agent.  Upon connection of the telephone call Nguyen immediately stated, "I'm with the cops, I'm purchasing the 2011 Nissan Maxima you found for me, right."  After Nguyen was speaking with "Larry," he hung up the phone.  The agent then called "Larry."  The agent asked the subject who answered the phone if this was "Larry."  The agent stated that the voice on the other line sounded as if he was hesitating but eventually

1  identified himself as "Larry." "Larry" stated he was en route to pick up Nguyen and would
2  be at the airport shortly. The agent asked "Larry" how close to the airport he was located,
3  but "Larry" did not want to give a time frame. "Larry" told the agent that Nguyen was
4  going to purchase a Nissan Maxima he had found for him. "Larry" could not provide any
5  information regarding the Nissan Maxima Nguyen was going to purchase, in regards to
6  the year of the vehicle or the amount. "Larry" could not provide any further information.

      f.     Agents located the defendant currency in a shoe in Nguyen's carry on bag. A third agent photographed the currency.

      g.     When asked if currently employed, Nguyen stated that he works at his sister's nail salon. Nguyen said he was paid "under the table." Nguyen stated that he receives about $1,000 per week doing nails and is paid only in cash.

      h.     A narcotic detecting canine was used to conduct a sniff search of the currency. "Aaron" gave a positive alert to the currency.

      i.     After Nguyen left the interview room, an agent followed Nguyen on foot. Nguyen was not picked up at the airport, but he walked to the Shell gas station. He was observed entering a Chevrolet Cruze parked at the Shell gas station.

      j.     Later in the day, Nguyen's sister, Elizabeth Nguyen called regarding the seized currency. A note was left for an agent listing Elizabeth Nguyen's phone number and the amount of $15,200.

      k.     On December 12, 2013, a second note was received with Elizabeth Nguyen's information, including her telephone number. On this note, the amount was $14,900, which was different from the previous note.

      l.     On December 12, 2013, a task force officer contacted Elizabeth Nguyen. During the phone call, Elizabeth Nguyen stated that she gave her brother $14,900 to purchase a 2011 Chevrolet Cruze or a Nissan Maxima. She stated that she purchased her brother's flight ticket to Fresno and that after he purchased the vehicle, he would drive it back. Elizabeth Nguyen stated that she had owned a nail salon called "Aysia's Nails" but that her brother did not work there with her and that she had sold the

1  business for $10,000 which was the money she provided to Nguyen.  Elizabeth Nguyen
2  stated that she had receipts for the money, and said that she had $5,000 in cash and the
3  other $5,000 was withdrawn from a bank.  When asked about the remaining amount,
4  Elizabeth Nguyen stated she had pulled out the difference on several different occasions
5  but could not provide specific times or dates regarding her withdrawals.

6        m.    Both Nguyen and Elizabeth Nguyen have criminal histories, including,
7  in the case of Elizabeth Nguyen, charges for distribution of narcotics.

8    4.    As a result of the foregoing, the United States believes that it could establish
9  at trial that the Defendant Currency is forfeitable to the United States pursuant to 21
10 U.S.C § 881(a)(6).

11    5.    Without admitting the truth of the factual assertions contained in this
12 stipulation, Huy Thanh Nguyen and Elizabeth Nguyen ("Potential Claimants") specifically
13 denying the same, for the purpose of reaching an amicable resolution and compromise of
14 this matter, Potential Claimants agree that an adequate factual basis exists to support
15 forfeiture of the Defendant Currency.

16    6.    The Defendant Currency is in the custody of the United States Marshals
17 Service, Eastern District of California.

18    7.    Potential Claimants hereby acknowledge that they are the sole owners of the
19 Defendant Currency, and that no other person or entity has any legitimate claim of
20 interest therein.  Should any person institute a kind of claim or action against the
21 government with regard to its forfeiture of the Defendant Currency, Potential Claimants
22 shall hold harmless and indemnify the United States.

23    8.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and
24 1355, as this is the judicial district in which acts occurred giving rise to the forfeiture.

25    9.    This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial
26 district in which property was seized.

27    10.    The parties herein desire to settle this matter pursuant to the terms of a duly
28 executed Stipulation for Consent Judgment of Forfeiture.

1    Based upon the above findings, and the files and records of the Court, it is hereby
2 ORDERED AND ADJUDGED:
3    1.    The Court adopts the Stipulation for Consent Judgment of Forfeiture entered
4 into by and between the parties.
5    2.    All right, title, and interest in the $9,900.00 of the Defendant Currency,
6 including any interest that may have accrued on the Defendant Currency, shall be
7 forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according
8 to law.
9    3.    Upon entry of a Consent Judgment of Forfeiture, but not later than 60 days
10 thereafter, $5,000.00 of the Defendant Currency shall be returned to Potential Claimants,
11 through their attorney James W. Harris, 118 West Walnut, Post Office Box 185,
12 Blytheville, Arkansas 72316, telephone (870) 762-2623.
13    4.    Plaintiff United States of America and its servants, agents, and employees
14 and all other public entities, their servants, agents and employees, are released from any
15 and all liability arising out of or in any way connected with the seizure and/or forfeiture of
16 the Defendant Currency.  This is a full and final release applying to all unknown and
17 unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well
18 as to those now known or disclosed.  Potential Claimants agree to waive the provisions of
19 California Civil Code § 1542, which provides:  "A general release does not extend to claims
20 which the creditor does not know or suspect to exist in his or her favor at the time of
21 executing the release, which if known by him or her must have materially affected his or
22 her settlement with the debtor."
23    5.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein,
24 the Court finds that there was reasonable cause for the seizure of the Defendant Currency
25 ///
26 ///
27 ///
28 ///

CONSENT JUDGMENT OF FORFEITURE          5

and hereby enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 in the form of this Judgment.

      6.  All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

  Dated:   **May 27, 2014**            **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE